IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV157-1-MU

ZONTA TAVARAS ELLISON,  )
                        )
    Plaintiff,           )
                        )
v.                       )   **O R D E R**
                        )
MARY S. ELLEDGE, et al., )
                        )
    Defendants.          )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No.1), filed April 2, 2010.

In his Complaint Plaintiff alleges that the Defendants, the Mecklenburg County Sheriff, the Chief of the Charlotte Mecklenburg Police, the Mecklenburg Police Department, and a Mecklenburg County Assistant District Attorney, have violated his federal constitutional rights because "CMPD officers wrote false statements to incarcerate [him]." In addition, Plaintiff alleges that "[m]ultiple [a]ttorneys refused to represent/aid [his] defense in a court of law." Furthermore, Plaintiff contends that his case has "been called for trial 12 times with no show cause to have him confined." Plaintiff seeks an unspecified amount of compensatory and punitive damages. In addition, Plaintiff seeks to be released and to press charges against various police officers. Finally, Plaintiff seeks to have all criminal charges relating to the incident that forms the basis of his Complaint against him dropped.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his

constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

As an initial matter, the Charlotte Mecklenburg Police Department is not a proper party to this matter. Rule 17(b) of the Federal Rules of Civil Procedure states that a party's (other than an individual or corporation) capacity to be sued is determined by the law of the state in which the District Court is held. Under North Carolina law unless a statute provides to the contrary, only persons in being may be sued. McPherson v. Bank, 240 N.C. 1, 18 (1954). In North Carolina, there is no statute authorizing suit against a police department. The North Carolina Court of Appeals has held that a police department is a "component part[] of defendant City . . . and as such lack[s] the capacity to be sued. Jones v. City of Greensboro, 51 N.C. App. 571, 593 (1981), overruled on other grounds, Fowler v. Valencourt, 334 N.C. 345 (1993); see also Gore v. Conway Police De'pt, No. 9:08-01806, 2008 WL 2566985 (June 26, 2008)(unpublished)(listing federal courts which have held that police departments are generally not considered "persons" within the meaning of 42 U.S.C. § 1983).

Plaintiff also names the Sheriff of Mecklenburg County and the Chief of the Charlotte Mecklenburg Police as defendants to this action. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by these two defendants with regard to the incidents that form the basis of his Complaint. Rather, Plaintiff appears to hold them responsible merely due to their positions. Nor does Plaintiff alleges that the actions taken were the

result of the execution of either of these defendants customs or policies. Consequently, Plaintiff fails to state a claim against Defendants Bailey and Monroe and they are dismissed.

Finally, Plaintiff names Mary Elledge, an assistant district attorney, as a defendant. In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 427, 430 (1976). This absolute immunity attaches to prosecution conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. Plaintiff claims that Defendant Elledge violated his rights by intentionally failing to call his case for trial and by failing to answer his motions to dismiss. This claim is based upon Defendant Elledge's presentation of the state's case and thus she is entitled to absolute immunity and she is dismissed from this case.[1]

As each of the named defendants is either not a proper defendant or immune from suit, Plaintiff's Complaint is dismissed.

---

[1] In addition, Plaintiff's claim against Defendant Elledge is far too general and conclusory to state a claim. While this Court is cognizant of Plaintiff's pro se status and the liberal construction that must be given to his pleadings, Plaintiff provides no particulars whatsoever with regard to his broad claim of intentional failure to call his case. As the Fourth Circuit recently held, "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Plaintiff's conclusory allegations do not plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions" and stating that a plaintiff in a civil action must do more than make mere conclusory statements to state a claim).

**IT IS THEREFORE ORDERED that** Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Signed: April 13, 2010

Graham C. Mullen
United States District Judge